IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

CLYDE JOE PARKER, II,                )
TDCJ #1154103,                       )
        Plaintiff,              )
                                    )
v.                                   )          Civil No. 7:08-CV-029-O
                                    )
PHYSICIAN ASSISTANT DOTY, *et al.*,  )
        Defendants.             )

MEMORANDUM OPINION AND ORDER

This is an action brought pursuant to 42 U.S.C. § 1983 by an inmate who, at the time of filing, was confined in the Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas. Plaintiff claims that he was denied medical care and forced to perform work beyond his physical capabilities. *Complaint ¶ V.*

He has dismissed his claims against Nurse Cross, *Plaintiff's Answer to the Court's Question No. 6,* and he has abandoned his claims that he was denied medical treatment for diabetes, *id. at Nos. 21 & 22*, and that Defendants Norwood, Hardegree, Unknown Classification Lady and Unknown Classification Committee Members failed to protect him from other inmates. *Plaintiff's Answer to the Court's Question No. 30.*

With regard to his medical care, Plaintiff claims that Physicians Assistant Doty failed to place him on medical work restriction and that, on August 1, 3, 9 & 11, 2007 and on October 27, 2007, nurses at the "pill window" refused to dispense the Naproxen 500 mg tablets which had been prescribed by Defendant Doty for back pain. *Id.* Plaintiff further alleges that, on November 13,

2007, Defendants Eastep and Reazin forced him to carry his property the length of a city block.  *Id.*

Plaintiff claims that, due to his back condition, he suffered greater pain when he attempted to carry

the property, and that he ended up dragging the property rather than carrying it.  *Id; Plaintiff's*

*Answers to the Court's Questions No. 25 & 26.*

In order to state a colorable claim for the denial of medical care under the Eighth

Amendment, a convicted inmate must allege acts or omissions "sufficiently harmful to evidence

deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

"Deliberate indifference" under the Eighth Amendment occurs only where a prison official knows

of and disregards an excessive risk to the inmate's health or safety.  *Farmer v. Brennan*, 511 U.S.

825, 837 (1994); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996).  Liability under

the Eighth Amendment requires that a prison official be aware of facts from which an inference

could be drawn that a substantial risk of serious harm exists, and he must actually draw that

inference.  *Farmer*, 511 U.S. at 837.  Thus, Eighth Amendment liability requires consciousness of

a risk.  511 U.S. at 838.

Under the facts alleged by Parker, the standard for deliberate indifference is not met.  With

regard to his claims against Defendant Doty, plaintiff concedes that x-rays were taken of his back

showing "loss of lumbar lordosis but ... otherwise normal."  He also states that Doty prescribed

Naproxen 500 mg tablets to treat his back pain.  *Plaintiff's Answer to the Court's Question No. 2.*

The gravamen of Plaintiff's complaint against Doty is that Doty failed to place him on work

restrictions upon request, thereby, violating TDCJ guidelines relating to eligibility for work

restrictions.  *Complaint ¶ V; Plaintiff's Answers to the Court's Questions No. 3-5.*  Plaintiff's

complaint with regard to Doty's evaluation and treatment amounts to a disagreement as to the

appropriate medical care rather than any denial thereof.  Disagreements over medical care decisions

are not actionable under the Civil Rights Act.  *E.g., Estelle v. Gamble*, 429 U.S. at 107-08;  *Varnado*

*v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991);  *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir.

1979).  As long as jail medical personnel exercise professional medical judgment, their behavior will

not violate a prisoner's constitutional rights.  *See Youngberg v. Romeo*, 457 U.S. 307, 322-23 (1982).

With regard to his claims against nurses at the "pill window," whom Plaintiff alleges refused

to dispense the Naproxen 500 mg tablets which were prescribed by Defendant Doty for back pain,

Plaintiff cannot prevail.  He alleges that the pills were not dispensed to him on August 1, 3, 9 & 11,

2007 and on October 27, 2007.  Therefore, Plaintiff's dose of medication was delayed, at most, until

the following day.

A delay in medical care can rise to the level of a constitutional violation if the delay is

occasioned by deliberate indifference which results in substantial harm.  *Mendoza v. Lynaugh*, 989

F.2d 191, 195 (5th Cir. 1993); *Wesson v. Oglesby*, 910 F.2d 278, 284 (5th Cir. 1990).  Unfortunately,

Plaintiff has failed to demonstrate that the delay in receiving his pain medication resulted in any

substantial harm.  *See Plaintiff's Answer to the Court's Question No. 24.*  While Plaintiff may have

endured an increased level of back pain without his medication, the pain was temporary, lasting no

more than a day, and as such, does not rise to the level of substantial harm.  *See Morgan v. Dallas*

*County Sheriff's Dep't*, No. 3-04-CV-2172-D, 2005 WL 57282 at *1 (N.D. Tex. Jan.11, 2005), rec.

adopted, 2005 WL 2075796 (N.D. Tex. Aug. 26, 2005) (allegation that plaintiff suffered "undue pain ... on a regular basis" as a result of not receiving medication held insufficient to establish physical injury).

To the extent that plaintiff seeks redress due to alleged violations of TDCJ rules and regulations, he has failed to state a cognizable claim. Where a violation of state law results in a constitutional violation, a plaintiff may have a cause of action under the Civil Rights Act. *Doe v. Taylor Independent School Dist.*, 15 F.3d 443, 464 (5th Cir. 1994) (citing *Miller v. Carson*, 563 F.2d 757, 760 n.7 (5th Cir. 1977) and *Sims v. Adams*, 537 F.2d 829, 831-32 (5th Cir. 1976)). However, if no constitutional deprivation is established, there can be no liability under § 1983. Allegations of violations of state law, without more, are insufficient to maintain a constitutional claim. *See e.g., Daniels v. Williams*, 474 U.S. 327, 332-33 (1986) (noting that violations of state law do not become constitutional violations just because the defendant is a state official); *Diamond v. Thompson*, 364 F.Supp. 659, 662 (M.D. Ala. 1973) (stating that federal courts "will intervene in the administration of the prison system only where it is necessary to preserve constitutional rights."); *Taylor v. Sterrett*, 600 F.2d 1135 (5th Cir. 1979) (requiring district court that had intervened on basis of state law violation to discontinue exercise of its jurisdiction and dismiss the cause). Assuming the truth of Plaintiff's allegations, his claims that TDCJ rules and regulations were not followed with regard to work restrictions and dispensing of medication do not rise to the level of constitutional violations.

To the extent, if any, that Plaintiff's medical care claims are grounded in negligence, his federal complaint is without merit. Allegations of negligence do not present a cognizable basis for

relief under the Civil Rights Act. *See Daniels v. Williams*, 474 U.S. 327 (1986) (holding that negligence is not actionable under § 1983); *Davidson v. Cannon*, 474 U.S. 344 (1986) (same). However, claims of medical negligence may be addressed under state substantive law. Therefore, the next issue in this case is whether this Court has jurisdiction to entertain Plaintiff's medical care claims under Texas state law.

"[S]ubject-matter jurisdiction is not waivable, and the federal courts are under a continuing duty to inquire into the basis of jurisdiction in the district court." *Warren v. U.S.*, 874 F.2d 280, 281-82 (5th Cir. 1989) (citing *Smith v. Booth*, 823 F.2d 94, 96 (5th Cir. 1987)). "[T]he District Court is vested with authority to inquire at any time whether the [ ] conditions [to the exercise of its jurisdiction] have been met." *Broussard v. U.S.*, 989 F.2d 171, 176 (5th Cir. 1993) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785 (1936)). When a complaint presents no federal question, 28 U.S.C. § 1332 requires complete diversity of citizenship and $75,000 in controversy to invoke the jurisdiction of a federal court. From the face of Plaintiff's complaint, it is apparent that he and Defendants are all citizens of Texas. *Complaint ¶ IV.* Because there is no diversity of citizenship, Plaintiff's medical care complaint, construed as a diversity action, will be dismissed for lack of jurisdiction.

Next, Plaintiff alleges that Defendants Eastep and Reazin forced him to carry his property the length of a city block, which was beyond his physical capacity because of his back condition. *Complaint ¶ V.* He states that Eastep and Reazin had knowledge of his back injury through his own complaints to them regarding his inability to perform the physical labor at the time of the incident.

*Plaintiff's Answers to the Court's Questions No. 25 & 26.*   Assuming the truth of Plaintiff's claims, his allegations are insufficient to show deliberate indifference on the part of Eastep or Reazin. *See Reeves v. Collins*, 27 F.3d 174, 176-77 (5th Cir. 1994) (finding jailors were not deliberately indifferent to inmate's serious medical needs when they ordered him to perform cleaning duties notwithstanding his claims of back injury or his continuous complaints of severe abdominal pain, which was eventually diagnosed as a double hernia).   Parker concedes that he was never placed on work or lifting restrictions while he was confined in the Allred Unit.   *Plaintiff's Answer to the Court's Question No. 23.*   Therefore, he cannot prevail in this action against Eastep or Reazin. *See Reeves*, 27 F.3d at 177 (noting that the inmate's records stated no medical restrictions and there was no indication, other than inmate's assertions of pain, that he had an injury).

Moreover, Parker makes no allegation that he suffered any physical injury as a result of Eastep and Reazin's orders directing him to move his property. *See Plaintiff's Answer to the Court's Questions No. 25 & 26.*

42 U.S.C. § 1997e(e) provides that:

No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Under 42 U.S.C. § 1997e(e), Parker's "suit is not actionable unless there exists a showing of physical injury." *See Calhoun v. Hargrove*, 312 F.3d 730, 735 (5th Cir. 2002) (remanding for a determination as to the level of injury suffered, if any, where an inmate was forced to work beyond his physical and medical limitations despite a medical work restriction that was in place and where

the defendant knew of the work restriction and the defendant's actions resulted in extreme elevation of the plaintiff's blood pressure).   His allegations of pain are insufficient to establish "physical injury" under the Civil Rights Act.[1]

Parker was given the opportunity to expound on the factual allegations of his complaint by way of questionnaire. *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal is proper); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint).   However, he failed to articulate facts which, if taken as true, would demonstrate that Defendants were deliberately indifferent to his serious medical needs.   Therefore, his complaint must fail.

A district court may dismiss a complaint filed *in forma pauperis* if it determines that the action is frivolous.   28 U.S.C. § 1915(e)(2)(B)(i).   An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Rogers*, 923 F.2d

---

[1]   *See Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (holding that a sore bruised ear lasting for three days did not constitute a physical injury as required to state a claim for excessive force); *Alexander v. Tippah County, Mississippi*, 351 F.3d 626, 630-31 (5th Cir. 2003) (nausea and vomiting caused by raw sewage on floor of jail cell was *de minimis* ); *Luong v. Hatt*, 979 F. Supp. 481, 486 (N.D. Tex 1997) (holding that sore muscles, scratches, abrasions and bruises do not constitute a "physical injury" within the meaning of § 1997e(e)); *Davis v. Bowles*, No. 3-04-CV-0877-L, 2004 WL 1205182 at *2 (N.D. Tex. Jun 1, 2004), rec. adopted, 2004 WL 1381045 (N.D. Tex. Jun. 18, 2004) (headaches and depression caused by failure to administer Prozac was *de minimis* injury); *Myers v. Valdez*, 2005 WL 3147869, *2 (N.D. Tex. 2005) (allegations of pain, numbness in extremities, loss of mobility, lack of sleep, extreme tension in neck and back, extreme rash and discomfort insufficient to establish "physical injury"); *Abney v. Valdez*, 2005 WL 3147863, *2 (N.D. Tex. 2005) (claims of blood pressure medication causing frequent urination, almost daily migraine headaches and itchiness and watery eyes due to food allergies found insufficient to establish "physical injury."); *Mitchell v. Horn*, No. 98-4742, 2005 WL 1060658 at * (E.D. Pa. May 5, 2005) (severe headaches and itching were temporary *de minimis* injuries); *Osterback v. Ingram*, No. 3-96-CV-580-LAC, 2000 WL 297840 at *3 (N.D. Fla. Jan. 12, 2000) (migraine headache does not rise to level of "physical injury").

51, 53 (5th Cir. 1991).  A complaint is without an arguable basis in law if it is "based on an indisputably meritless legal theory."  *Neitzke*, 490 U.S. at 327.  The claims set forth in the case at bar have no arguable basis under federal law.

For the foregoing reasons, it is ORDERED that Plaintiff's federal claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

It is further ORDERED that Plaintiff's complaint, liberally construed as a diversity action raising state law claims, is dismissed without prejudice pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, for lack of jurisdiction.

The Clerk of Court shall transmit a true copy of this Memorandum Opinion and Order to Plaintiff.

SO ORDERED this 25th day of March, 2009.


**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**